UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : No. 5:17-cr-00572 |
| | : |
| MICHAEL W. SEIBERT, JR. | : |

**O P I N I O N**
**United States' Motion to Exclude Evidence**
**Regarding a Mistake of Age Defense, ECF No. 58 – Granted[1]**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　**August 23, 2018**
**United States District Judge**

## I.　　INTRODUCTION

Defendant Michael W. Seibert, Jr. is charged with two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). The Government has filed a motion in limine to exclude evidence of a mistake-of-age defense at trial. Seibert opposes the motion, arguing that he should be allowed to assert a mistake-of-age defense regarding the two minors mentioned in the Indictment. For the reasons set forth herein, the Motion is granted, and Seibert is prohibited from presenting evidence of a mistake-of-age defense at trial.

---

[1]　　The Government's filing at ECF No. 58 is actually an application for leave to file a Motion to Exclude Evidence Regarding a Mistake of Age Defense. *See* ECF No. 58. The Government's Motion to Exclude Evidence Regarding a Mistake of Age Defense is attached as an exhibit to the application. *See id.* However, because the application is docketed under the title of the Motion, and defense counsel filed a response to the Motion, not the Application, this Court grants the application for leave to file the Motion and addresses the Motion as if filed at ECF No. 58.

## II. BACKGROUND

Count One of the Indictment alleges that beginning not earlier than May 6, 2010, and continuing through on or about January 20, 2014, Seibert employed, used, persuaded, induced, enticed, and coerced "Minor Female #1" to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, which Seibert knew would be transported and transmitted in interstate commerce. Indictment, ECF No. 1. Count Two alleges that beginning not earlier than August 21, 2009, and continuing through on or about January 20, 2014, Seibert employed, used, persuaded, induced, enticed, and coerced "Minor Female #2" to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, which Seibert knew would be transported and transmitted in interstate commerce. *Id.* Count Three alleges that on or about July 2, 2014, Seibert knowingly possessed a desktop computer, a laptop computer, a thumb drive, four SD cards, and a cellular telephone which contained visual depictions of minors engaging in sexually explicit conduct, which had been transported in or affecting interstate commerce. *Id.*

In his pretrial memorandum, Seibert indicated his intent to assert a reasonable mistake-of-age defense as to the ages of Minor Female #1, Minor Female #2, and to certain images on which Count Three is based.[2] *See* Def. Mem. 7-9, ECF No. 45. The Government thereafter filed a Motion to Exclude Evidence Regarding a Mistake of Age Defense, which Seibert opposes.

---

[2] It appears that the "certain images" pertain to Minor Female #1 and Minor Female #2. *See generally* Def. Mem. 7-9; Mot. 2 n.1, ECF No. 58 ("The defendant has not cited, nor has the government located, authority that the defendant's mistaken belief regarding the age of the victims depicted in the visual images of child pornography is an affirmative defense to l8 U.S.C. § 2252(a)(4)(B)"); Resp. 3, 6, ECF No. 59 (referring only to a mistake-of-age defense regarding Minor Female #1 and Minor Female #2). This Opinion is written with that understanding.

## III. DISCUSSION

Although 18 U.S.C. § 2251(a) requires that the "person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" to "know[] or ha[ve] reason to know that such visual depiction will be transported" in interstate commerce, the knowledge requirement "does not extend to the age of the minor." *United States v. Smith*, 662 F. App'x 132, 136 (3d Cir. 2016). The Committee Reports and legislative debate regarding this statute confirm that "it is not a necessary element of a prosecution that the defendant knew the actual age of the child." *United States v. X-Citement Video*, 513 U.S. 64, 76-77 (1994) (internal quotations omitted).

Because a defendant's knowledge of the victim's age is not a required element of § 2251(a), "courts have uniformly held that the prosecution must prove only that the victim was under eighteen, not that the defendant knew or should have known that the victim was a minor." *United States v. Gersh*, No. 14-595, 2015 U.S. Dist. LEXIS 59333, at *2-8 (E.D. Pa. May 5, 2015). *See also United States v. Malloy*, 568 F.3d 166, 172 (4th Cir. 2009) ("A defendant's awareness of the victim's minority is not an element of the offense."), *cert. denied* 130 S. Ct. 1736 (U.S. 2010). Accordingly, a mistake-of-age defense is not permitted. *See United States v. Ruggiero*, 791 F.3d 1281, 1290 (11th Cir. 2015) (holding that the Constitution does not require courts to entertain a mistake-of-age-defense under § 2251(a)), *cert. denied* 2015 U.S. LEXIS 6974 (U.S. 2015); *United States v. Encarnación-Ruiz*, 787 F.3d 581, 609 (1st Cir. 2015) (holding that a mistake of age defense is not available to an individual charged with producing child pornography under § 2251, whether under the statute, the Commerce Clause, or the First Amendment); *United States v. Fletcher*, 634 F.3d 395, 404 (7th Cir. 2011) (concluding "that the

First Amendment does not mandate a mistake-of-age defense to prosecutions under § 2251(a)"), *cert. denied* 565 U.S. 942 (U.S. 2011); *United States v. Humphrey*, 608 F.3d 955, 962 (6th Cir. 2010) (affirming the district court's decision to grant the government's motion in limine to exclude from trial a mistake-of-age defense); *United States v. McCloud*, 590 F.3d 560, 568 (8th Cir. 2009) ("[W]e hold that the district court's preclusion of a reasonable-mistake-of-age defense did not violate [the defendant's] right to due process"), *cert. denied* 131 S. Ct. 72 (U.S. 2010); *Malloy*, 568 F.3d at 173 (holding that "no reasonable mistake of age defense is constitutionally required"); *United States v. Tyson*, No. 1:17-CR-316, 2018 U.S. Dist. LEXIS 115091, at *3-5 (M.D. Pa. July 11, 2018) (granting the Government's motion in limine to prohibit a mistake-of-age defense to § 2251(a) liability based on the language of the statute, the holdings of the circuit courts that addressed the issue, and the statute's purpose of, *inter alia*, protecting the physical and psychological well-being of children); *Gersh*, 2015 U.S. Dist. LEXIS 59333, at *2-8 (granting the Government's motion in limine to preclude mistake-of-age evidence).

To support the availability of the defense, Seibert relies on the 1988 decision out of the Ninth Circuit in *United States v. U.S. District Court for the Central District of Calif. (Kantor)*, 858 F.2d 534 (9th Cir. 1988), which held that although § 2251(a) does not provide for a mistake-of-age defense, the First Amendment does provide a right to such a defense. *Id.* at 543. However, as many courts have commented, "the Ninth Circuit stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense under § 2251(a)." *Humphrey*, 608 F.3d at 960 (discussing the courts that "refus[ed] to follow the Ninth Circuit's lead in engrafting a mistake-of-age defense onto § 2251(a)"). *See also United States v. Krasner*, 841 F. Supp. 649, 656 n.5 (M.D. Pa. 1993) ("To adopt the *Kantor* reasoning and go beyond what has already been provided by the Supreme Court is required neither by precedent nor common

sense."). For the reasons stated by these courts and provided in more detail herein, this Court finds *Kantor* unpersuasive.

Next, Seibert attempts to distinguish the *Gersh* and *Malloy* decisions, which precluded a mistake-of-age defense to § 2251(a), because it is not alleged in the instant action that Seibert ever had in-person contact with Minor Female #1 or Minor Female #2. Resp. 6 (citing *Gersh*, 2015 U.S. Dist. LEXIS 59333). Seibert argues that he took none of the actions, such as transporting minors across state lines, which led the *Gersh* court to conclude that a producer of child pornography assumed the risk of the subject of his film being underage. Resp. 7. Seibert further asserts that he "had none of the 'superior abilities' listed in *Malloy* as persuasive reasons to deny a reasonable mistake of age defense under 18 U.S.C. § 2251 (a)." *Id.* at 7; *Malloy*, 568 F.3d at 176 (discussing "the superior ability of a producer to ascertain the age of the subject-- through visual contact, documentary verification, direct questioning, and reputational information"). Rather, the only "visual contact" Seibert allegedly had with Minor Female #1 and Minor Female #2 was through the Internet. Resp. 6. Seibert argues that under the Government's allegations, he had no opportunity to engage in "documentary verification," such as checking a date of birth on identification, or to obtain "reputational information" because the minors lived far away. *Id.* Seibert concedes that "direct questioning" was available, but argues that this sole factor is insufficient. *Id.* at 6-7.

Seibert is mistaken that the holdings of *Gersh* and *Malloy*, among many other decisions, should not preclude a mistake-of-age defense under the alleged facts of this case. Seibert's ability to directly question Minor Female #1 and Minor Female #2 is significant. This was the factor mentioned by the United States Supreme Court in *X-Citement Video* when it concluded that "[t]he opportunity for reasonable mistake as to age increases significantly once the victim is

reduced to a visual depiction, *unavailable for questioning* by the distributor or receiver." *X-Citement Video*, 513 U.S. at 72 n.2 (emphasis added). Neither Minor Female #1, nor Minor Female #2 had been "reduced to a visual depiction;" rather, Seibert allegedly communicated directly with both minors. He therefore had the opportunity to question both minors about their age, to request documentary verification from them, and to seek reputational information.[3] Furthermore, courts have rejected the argument that a producer must have in-person contact with the minor to be in violation of § 2251(a). *See United States v. Henry*, 827 F.3d 16, 25 (1st Cir. 2016) (holding that "the technology that makes amateur video production and distribution easier also tends to make it easier to verify ages") (citing *Gilmour v. Rogerson*, 117 F.3d 368, 372-73 (8th Cir. 1997)); *United States v. McElroy*, No. 3:12-cr-00542-HZ, 2014 U.S. Dist. LEXIS 37384, at *5-6 (D. Or. Mar. 21, 2014) (rejecting the "Defendant's argument that only in-person contact saves § 2251 from crossing into unconstitutional territory").

Seibert further argues that *Gersh* and *Malloy* are distinguishable based on the fact that he did not make a substantial profit from the alleged production. However, the plain language of § 2251(a) does not require that a person charged under this section profit from his conduct.[4] The legislative history further confirms that there is no commercial purpose requirement. *See Ruggiero*, 791 F.3d at 1289. Specifically, the statute originally provided that a defendant could be convicted under § 2251(a) only if he produced child pornography "for pecuniary profit," but

---

[3] "[A]lthough the theoretical possibility exists that every diligent attempt at age verification may fail, . . . such a risk is small and does not create a 'substantial' burden on protected expression." *Fletcher*, 634 F.3d at 404.

[4] The term "producing" for purposes of § 2251(a) "means producing, directing, manufacturing, issuing, publishing, or advertising." 18 U.S.C. § 2256(3). Here, the Government contends that Seibert "directed" Minor Female #1 and Minor Female #2 to engage in specific conduct in some of the images. The Government also contends that it found copies of images of Minor Female #1 and Minor Female #2 on thumb drives. *See United States v. Burdulis*, 753 F.3d 255, 262 and n.6 (1st Cir. 2014) (holding that when a person loads an image onto a thumb drive or another source, the person created a new copy, thereby "producing" an image).

6
082218

Congress deleted this provision in 1984, explaining that "the harm to the child exists whether or not those who initiate or carry out the schemes are motivated by profit." *See id.* (quoting H.R. Rep. No. 98-536, at 2-3 (1983), reprinted in 1984 U.S.C.C.A.N. 492, 493). The absence of a financial gain for Seibert is therefore also insufficient to distinguish *Gersh* and *Malloy* from the case at hand.[5]

Moreover, the courts' holdings in *Gersh* and *Malloy*, as with the holdings of many of the other courts that have precluded a mistake-of-age defense to § 2251(a), were also based on the fact that knowledge of the victim's age is not an element of § 2251(a). *Malloy*, 568 F.3d at 176 (concluding "that knowledge of the victim's age is n[ot] an element of the offense"); *Gersh*, 2015 U.S. Dist. LEXIS 59333, at *4 ("[K]nowledge that the victim is underage is not an element of § 2251(a)."). *See also X-Citement Video*, 513 U.S. at 76-77 (holding that the deletion of the word "knowingly" from § 2251(a) reflects "an intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child" (internal quotations omitted)); *Encarnación-Ruiz*, 787 F.3d at 607 ("Looking first to 18 U.S.C. § 2251(a)'s plain language, it is clear that Congress did not intend for [a mistake-of-age] defense."). Additionally, the courts reasoned that if "Congress intended to allow a mistake-of-age defense, it would have so provided," but did not. *Gersh*, 2015 U.S. Dist. LEXIS 59333, at *4; *Malloy*, 568 F.3d at 172 ("When Congress intends a statute to include an affirmative defense, particularly in the context of the laws involving child pornography and sexual exploitation of children, it can and has included the defense in the statute's text," but it did not in § 2251(a)).

---

[5]  Seibert's argument that he did not distribute the images is also unpersuasive because distribution is not required under § 2251(a); but instead constitutes a separate criminal offense, *see* 18 U.S.C. § 2252A.

The *Gersh* and *Malloy* courts also commented on the Government's interest in protecting the physical and psychological wellbeing of children, which this Court agrees is significant. *See Malloy*, 568 F.3d at 175 ("The government has a compelling interest in protecting even children who lie about their age."); *Gersh*, 2015 U.S. Dist. LEXIS 59333, at *6-7 (citing *New York v. Ferber*, 458 U.S. 747, 758 n.9 (1982)). As the Supreme Court has stated, "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *Ferber*, 458 U.S. at 758. "[N]ot only is the [Government's] interest in banning the sexual exploitation of children very strong, but the mistake-of-age defense is directly contrary to that interest." *Gilmour*, 117 F.3d at 372. The First Amendment's protections do not extend to child pornography, *see Ferber*, 458 U.S. at 766; therefore, its protections also do not require that a defendant charged with § 2251(a) be allowed to present a mistake-of-age defense, *United States v. Wilson*, 565 F.3d 1059, 1069 (8th Cir. 2009) ("[W]e hold that the First Amendment does not require a reasonable-mistake-of-age defense to charges of producing child pornography in violation of section 2251(a).").

Seibert's final argument is that he faces the same mandatory minimum penalty as the defendant in *Malloy*, "despite the vastly different character of their alleged acts, [which Seibert contends] confirms that a blanket preclusion of a reasonable mistake of age defense would violate Seibert's Due Process rights." Resp. 6 n.1. Seibert cites no case law to support this contention.

Instead, courts have concluded that the rights of a defendant charged with a violation of § 2251(a) have not been denied when he was prohibited from raising a mistake-of-age defense because "there is no per se prohibition on strict liability crimes coming with mandatory minimum sentences." *See Henry*, 827 F.3d at 25 (holding that a fifteen-year mandatory

8
082218

minimum sentence is not "grossly disproportionate" to the sexual exploitation of a minor (citing *McQuoid v. Smith*, 556 F.2d 595, 599 (1st Cir. 1977)). *See also Ruggiero*, 791 F.3d at 1286 (holding that it is not unconstitutional for Congress to dispense with a knowledge-of-age element in § 2251(a), regardless of whether or not § 2251(a) is public welfare offense); *Humphrey*, 608 F.3d 955 (holding that the district court properly precluded a mistake-of-age defense by the defendant who was convicted and sentenced to an enhanced mandatory minimum term of 300 months of imprisonment pursuant to 18 U.S.C. § 2251(e)). While this Court agrees that the alleged facts underlying Seibert's charges are different from those in *Malloy*, Seibert's alleged crimes are extremely serious and may have permanent psychological ramifications on the minors. Furthermore, it is alleged that these offenses occurred over several years, and that Seibert created the false persona of a teenage boy to entice Minor Female #1 and Minor Female #2 to send him the sexually explicit images. Thus, regardless of the mandatory minimum sentences applicable in this case, preclusion of the mistake-of-age defense does not violate Seibert's due process rights.

Moreover, "due process requires that the government prove every element of a criminal offense beyond a reasonable doubt. The defendant's right to present a defense to one of those elements generally includes the right to the admission of competent, reliable, exculpatory evidence, and the Supreme Court has struck down 'arbitrary rules that prevent whole categories of defense witnesses from testifying.'" *United States v. Pohlot*, 827 F.2d 889, 900-01 (3d Cir. 1987) (quoting *Washington v. Texas*, 388 U.S. 14, 22 (1967)). As explained herein, the Government does not have to prove Seibert knew or should have known that Minor Female #1 or Minor Female #2 was a minor. Therefore, a mistake-of-age defense does not go to any element of § 2251(a) and is not relevant to the charge. *See* Fed. R. Ev. 401 (providing that evidence is

9
082218

relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "*is of consequence* in determining the action" (emphasis added)); *United States v. Jones*, 128 F. App'x 853, 855 (3d Cir. 2005) (holding that the district court correctly excluded the defendant's evidence which he intended to introduce to negate the mens rea element of his alleged crimes because it "was irrelevant").

Finally, even if a mistake-of-age defense had some relevancy to this case, any probative value is substantially outweighed by the danger of "unfair prejudice," "confusing the issues," and "misleading the jury." *See* Fed. R. Ev. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Because the Government is not required to prove that Seibert knew the ages of Minor Female #1 and Minor Female #2, allowing a mistake-of-age defense would mislead the jury into thinking that this is a required element and thereby cause unfair prejudice to the Government. It would also confuse the issues. *See Tyson*, 2018 U.S. Dist. LEXIS 115091, at *3-5 (granting the Government's motion in limine to prohibit the defendant from presenting evidence that he was mistaken as to the minor victim's age because "any evidence of mistake of age as to the victim is irrelevant to the Section 2251(a) charge . . . and any probative value thereof is substantially outweighed by the likelihood that such evidence will confuse or mislead the jury to believe that knowledge of the victim's minor age is an element of a Section 2251(a) charge or that mistake of age is a valid defense to same"). Evidence of Seibert's mistake of age, even if it had some relevance and probative value, is therefore not admissible. *See* Fed. R. Ev. 402 ("Relevant evidence is admissible unless any of the following

10
082218

provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.").

IV. **CONCLUSION**

Section 2251(a) does not require the Government to prove that Seibert knew the age of Minor Female #1 or Minor Female #2.  Accordingly, evidence that Seibert was mistaken as to their ages is not relevant, and allowing Seibert to present a mistake-of-age defense would only mislead the jury, confuse the issues, and cause unfair prejudice to the Government.  The United States' Motion to Exclude Evidence Regarding a Mistake of Age Defense, ECF No. 58, is therefore granted.

This holding is consistent with district court decisions in this district and in the Third Circuit, as well as district and circuit court opinions in all but one circuit.  The holding in this lone circuit is contrary to the language of § 2251(a), to the legislative history of the statute, and to the Government's compelling interest in protecting the physical and psychological wellbeing of children.  Seibert's attempt to distinguish the cases precluding a mistake-of-age defense and to distinguish the facts alleged in the instant action fails.  For all the reasons set forth in this Opinion, Seibert is precluded from presenting mistake-of-age evidence at trial.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge