# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

    v.  :  17-CR-00572-JFL-1

MICHAEL W. SEIBERT, JR.  :

## DEFENDANT'S AMENDED TRIAL MEMORANDUM

Defendant, Michael W. Seibert, Jr. ("Seibert"), submits his Amended Trial Memorandum as follows:

## I. FACTUAL BACKGROUND

In April of 2014, federal agents received information that child pornography ("CP") had been uploaded from a computer associated with the address of 274 E. Walnut Street, Allentown, Pennsylvania (the "Seibert Home"), where Seibert lived with his mother, Rosemary Seibert ("Rosemary"). Based on that information and a subsequent investigation, Homeland Security Agent Emily J. Evans obtained a Search Warrant for the Seibert Home. Approximately eleven agents, comprised of "eight to nine Homeland Security agents" and "one to two state troopers" arrived at the Seibert Home at approximately 7:10 a.m. on July 2, 2014 to execute the Search Warrant. Government Agents knocked on the front door and rang the doorbell of the Seibert Home, but after receiving no response, they breached the front door at approximately 7:20 a.m. with a battering ram.

356351v1

After pointing guns at Seibert and Rosemary, agents led each of them down the steps to the first floor living room. After a few minutes, agents led Seibert back upstairs, to Rosemary's bedroom, where Agent Evans and two other agents began to question Seibert, in an interrogation that lasted about one hour. During the course of questioning, Seibert according to the Government admitted that agents were at the Seibert Home "because of the porn stuff." Seibert also gave agents several passwords to email and Facebook accounts, told them he had maintained an online persona of a teenage boy named "Tony Jeff," and signed authorizations for federal agents to assume Seibert's online presence, as "Tony Jeff" or otherwise. As a result of information obtained from Seibert during questioning, agents: (i) accessed Seibert's computers and email accounts; (ii) "discovered that he had been communicating with minor females;" (iii) "located and identified at least two minor victims who were referred to in the Indictment;" and (iv) obtained numerous child pornography images, on which the possession and production charges in the Indictment are based.

On September 4, 2018, Seibert advised the Court and the Assistant United States Attorney prosecuting this case that he intended to plead guilty, on September 6, 2018 if possible, to Court III of the Indictment alleging Possession of Child Pornography.

## II. THE CHARGES CURRENTLY AT ISSUE

### A. Counts 1 and 2 – Production of Child Pornography -- Indictment and Statutory Elements

Count 1 of the indictment charges William Seibert with production of child pornography involving an individual referred to as "Minor Female #1, beginning on an unknown date but not earlier than approximately May 6, 2010, and continuing through on or about January 20, 2014. Count 2 of the indictment charges William Seibert with production of child pornography involving an individual referred to as "Minor Female #2," beginning on or around August 21, 2009, and continuing through on or about January 20, 2014.

18 U.S.C. § 2251 (a) is the statutory basis of Counts 1 and 2 of the Indictment. This statute provides in relevant part as follows:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, [. . .] with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct […] [violates federal law] if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251 (a).

"The interstate commerce element for the offense of producing child pornography may be satisfied by proof [beyond a reasonable doubt] that the child pornography was produced using materials that had been transported in interstate or foreign commerce; the Government need not prove that the visual depictions themselves were transported through interstate commerce." Phillips v. United States, 2014 WL 3965050, * 5 (D. Del., Aug. 12, 2014); see also United States v. Warner, 614 Fed. Appx. 575, 577 (3d Cir., June 3, 2015) ("to satisfy the jurisdictional element of § 2251 (a) in this case, the Government was only required to prove beyond a reasonable doubt that the child pornography was produced with materials that had traveled in interstate commerce.").

The extent to which Seibert actually used, persuaded, induced, enticed, or coerced Minor Female #1 or Minor Female #2 to engage in the production of child pornography is expected to be a significant issue in the trial of this action.

## III. AFFIRMATIVE DEFENSE
### A. Good Character

Michael Seibert has no adult criminal convictions, and will not have any such convictions as of the start of trial on September 10, 2018. As a result, the Court should find, based on the testimony of people in the community who know Michael well, that he has a good reputation for law-abiding behavior. Defendant

proposes that the Court give the following instruction on character, derived from the instruction contained in the Standard Pennsylvania Jury Instructions for Criminal Cases:

> William Seibert offered evidence tending to prove that he is a person of good character. I am speaking of the defense witnesses who testified that Mr. Seibert has a good reputation for being a law-abiding individual. The law recognizes that a person of good character is not likely to commit a crime that is contrary to that person's nature. Evidence of good character may by itself raise a reasonable doubt of guilt and require a verdict of not guilty. (Based on Pa. SSJI (Crim.) § 3.06).

The Pennsylvania Constitution, unlike the federal, contains an express reference at the very start of the document to the right of reputation: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, <u>of acquiring, possessing and protecting property and reputation</u>, and of pursuing their own happiness." Pa. Const., Art. 1, § 1 (emphasis supplied). Accordingly, Pennsylvania law provides enhanced protection to reputational interests, allowing a defamation plaintiff to prevail on a showing that a defendant was negligent as to the truth or falsity of speech relating to a non-public figure, even on a topic of public concern. See <u>American Future Systems, Inc. v. Better Business Bureau of Eastern Pa.</u>, 592 Pa. 66, 923 A.2d 389, 398 (2007) ("Pennsylvania courts will not strengthen […] conditional privileges previously defined by reference to

negligence principles so that, now, they may only be defeated by proving actual malice."). "The recent focus on the 'new federalism' has emphasized the importance of state constitutions with respect to individual rights and criminal procedure." Commonwealth v. Edmunds, 526 Pa. 374, 586 A.2d 887, 895 (1991) (relying on independent and adequate state grounds to reject the U.S. v. Leon good faith exception to the exclusionary rule).

A criminal defendant in Pennsylvania has had the right, for more than a century, that the jury be charged that evidence of good character may independently create a reasonable doubt. See Commonwealth v. Cleary, 135 Pa. 64, 19 A. 1017, 1018 (1890) ("Evidence of good character is not a mere make-weight thrown in to assist in the production of a result that would happen at all events, but it is positive evidence, and may of itself, by the creation of a reasonable doubt, produce an acquittal."); Commonwealth v. Mandela, 48 Pa. Super. 56, 59 (Pa. Super. 1911) ("Good character is of importance in this: it may of itself, in spite of all the evidence to the contrary, raise a reasonable doubt in the minds of the jury, and so produce an acquittal."); Commonwealth v. Mack, 92 Pa. Super. 165, 167 (Pa. Super. 1927) ("It is settled beyond controversy that evidence of good character is substantive and must be treated as such; that it is not a mere makeweight to be thrown in to determine the balance in a doubtful case, but that it may of itself by the creation of a reasonable doubt, produce an acquittal.").

In 1989, the Pennsylvania Supreme Court left no doubt on this issue: "A criminal defendant must receive a jury charge that evidence of good character

(reputation) may, in and of itself (by itself alone) create a reasonable doubt of guilt and thus require a verdict of not guilty." Commonwealth v. Neely, 561 A.2d 1, 522 Pa. 236 (1989) (emphasis supplied). One year before Neely was decided, in 1988, the Third Circuit Court of Appeals held, in a case arising from the Eastern District of Pennsylvania, that "so long as an instruction consistent with Quick, Frischling and Baysek is given, which calls the jury's attention to its duty to take character evidence into account with all of the other evidence in deciding whether the government has proved its charge beyond a reasonable doubt, the omission of the express 'standing alone' language which was requested here is not an abuse of the discretion vested in the trial court to choose the wording of the character evidence charge." United States v. Spangler, 838 F.2d 85, 87-88 (3d Cir. 1988).

The Government is expected to rely on Spangler and its progeny in rejecting defendant's request for a jury instruction on good character that is based on longstanding Pennsylvania law. However, there is no indication in Spangler (or in its more recent progeny) that any defendant in those cases raised the Pennsylvania Constitution and a century of caselaw as an independent and adequate state ground to support charging the jury with a "standing alone" instruction on good character for a case that involves a defendant citizen of Pennsylvania. As the Pennsylvania Superior Court remarked 89 years ago in Commonwealth v. Mack, "evidence of good character is substantive and must be treated as such." Id., 92 Pa. Super. at 167. As a "substantive" right of a Pennsylvania citizen, there should be no

difference in the character instruction provided for Michael Seibert, depending on whether he goes to trial on the north of south side of Hamilton Boulevard.

## IV. WITNESS LIST

Seibert has identified the following individuals as defense witnesses at trial:

Michael W. Seibert, Jr.
274 E. Walnut Street
Allentown, PA 18109

Rosemary Seibert
274 E. Walnut Street
Allentown, PA 18109

Michael W. Seibert, Sr.
2418 Green Acres Drive
Allentown, PA 18103

Mr. Scott Seibert
1919 Fawn Lane
Hellertown, PA 18055

Mr. Tom Villano
725 E. Tioga Street
Allentown, PA 18103

Melissa Flood
272 E. Walnut Street
Allentown, PA 18109

Mr. Jeff Gaumer
303 E. Union Street
Allentown, PA 18109

Mrs. Cindy L. Brown
1679 Creek View Road
Bethlehem, PA 18015

## V.  EXHIBIT LIST

Defendant does not currently anticipate the use of independent defense exhibits during the defense case, but reserves the right to utilize any documents which the Government identifies as trial exhibits.  If this assessment changes, defense counsel will promptly notify the Government and provide copies of all contemplated defense exhibits.

## VI.  ESTIMATED DURATION OF TRIAL AND JURY SELECTION

Defense counsel estimates that this case will require five full days to try. Based on the subject matter of this case, jury selection may require several additional days.

                                            FLAMM WALTON HEIMBACH

                                            Richard H. Maurer RM4782
                                            4905 West Tilghman Street
                                            Suite 310
                                            Allentown, PA 18104-9133
                                            610-336-6800
                                            610-336-0167 fax

                                            Counsel for Defendant,
                                            Michael W. Seibert, Jr.

September 4, 2018

# CERTIFICATE OF SERVICE

Richard H. Maurer hereby certifies that on the date stated below, he served a copy of Defendant's Amended Trial Memorandum on the following counsel of record by the Court's ECF system:

Frank A. Labor, III, AUSA
U.S. Attorney's Office
615 Chestnut Street, Suite 1200
Philadelphia, PA 19106

                              FLAMM WALTON HEIMBACH

                              */s/ Richard H. Maurer*

                              Richard H. Maurer RM4782
                              4905 West Tilghman Street
                              Suite 310
                              Allentown, PA 18104-9133
                              610-336-6800
                              610-336-0167 fax

                              Counsel for Defendant,
                              Michael W. Seibert, Jr.

September 4, 2018